IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
NANCY O. ROBERTSON, in her    )
official capacity as          )
Probate Judge of Barbour      )
County, Alabama, on behalf    )
of herself and all others     )
similarly situated,           )
                              )
     Plaintiff,               )
                              )    CIVIL ACTION NO.
     v.                       )     2:11cv1111-MHT
                              )          (WO)
MERSCORP, INC., a Delaware    )
corporation, and MORTGAGE     )
ELECTRONIC REGISTRATION       )
SYSTEMS, INC., a Delaware     )
corporation,                  )
                              )
     Defendants.              )
```

OPINION AND ORDER

In her motion to remand, plaintiff Nancy O. Robertson contends that defendants MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc., have failed to satisfy the jurisdictional amount for removal based on diversity-of-citizenship, 28 U.S.C. § 1332.  The court is also concerned whether the plaintiff (as a probate judge in her official capacity) is a "citizen" of the State of

Alabama for § 1332 purposes.  If the plaintiff is an arm of the State, cf. Carr v. City of Florence, 916 F.2d 1521 (11th Cir. 1990) (holding that county sheriffs are actually state officials), then the plaintiff may very well not be a citizen for § 1332 purposes.  See Moor v. Alameda County, 411 U.S. 693 (1973) (a State and its officials are not "citizens" for diversity purposes).  However, if the plaintiff is an arm of a political subdivision of the State, then she may very well be a citizen for § 1332 purposes.  See University of South Alabama v. American Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999) (stating that a political subdivision of a State and its officials are citizens for diversity purposes).

***

Accordingly, it is ORDERED that the plaintiff's motion to remand (Doc. No. 12) is set for submission, without oral argument, on January 27, 2012, with the defendants to file any opposition brief by January 20,

2012, and the plaintiff to reply by January 27, 2012.  In their briefs, the plaintiff and the defendants should address not only the issue raised in the remand motion but also the court's concern as well.

DONE, this the 9th day of January, 2012.

                              /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE