```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


NANCY O. ROBERTSON, in her    )
official capacity as          )
Probate Judge of Barbour      )
County, Alabama, on behalf    )
of herself and all others     )
similarly situated,           )
                              )
       Plaintiff,             )
                              )    CIVIL ACTION NO.
     v.                       )      2:11cv1111-MHT
                              )           (WO)
MERSCORP, INC., a Delaware    )
corporation, and MORTGAGE     )
ELECTRONIC REGISTRATION       )
SYSTEMS, INC., a Delaware     )
corporation,                  )
                              )
       Defendants.            )
```

<u>OPINION AND ORDER</u>

Plaintiff Nancy O. Robertson ("Robertson"), acting in her official capacity as probate judge of Barbour County, Alabama, and on behalf of all probate judges in the State, brought suit in state court against defendants MERSCORP, Inc. ("MERSCORP"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), claiming that the defendants failed to record certain assignments of

interests in mortgages. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the defendants removed this case to federal court on a diversity-of-citizenship ground. Robertson moves to remand to state court because the defendants have failed to satisfy their burden of demonstrating that the $ 75,000 amount-in-controversy requirement for diversity jurisdiction has been met in this case. For the reasons that follow, Robertson's remand motion will be granted.

## I.  STANDARD FOR REMAND

Where, as here, a defendant seeks to remove a case on a diversity-jurisdiction ground and the damages have not been specified by the plaintiff, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). "A removing defendant bears the burden of proving proper federal jurisdiction." Id.

The court may not "speculate in an attempt to make up for the notice's failings." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

## II.  BACKGROUND

The defendants operate the MERS system, which is a digital marketplace for mortgages and mortgage-backed securities.  As the Ninth Circuit Court of Appeals succinctly explained:

> "MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the transfer of the 'beneficial interest' in home loans, as well as any changes in loan servicers.  After a borrower takes out a home loan, the original lender may sell all or a portion of its beneficial interest in the loan and change loan servicers. The owner of the beneficial interest is entitled to repayment of the loan.  For simplicity, we will refer to the owner of the beneficial interest as the 'lender.'  The servicer of the loan collects payments from the borrower, sends payments to the lender, and handles administrative aspects of the loan.  Many of the companies that participate in the mortgage industry--by originating loans, buying or investing

3

in the beneficial interest in loans, or servicing loans--are members of MERS and pay a fee to use the tracking system.

"When a borrower takes out a home loan, the borrower executes two documents in favor of the lender: (1) a promissory note to repay the loan, and (2) a deed of trust, or mortgage, that transfers legal title in the property as collateral to secure the loan in the event of default.  State laws require the lender to record the deed in the county in which the property is located. Any subsequent sale or assignment of the deed must be recorded in the county records, as well.

"This recording process became cumbersome to the mortgage industry, particularly as the trading of loans increased.  It has become common for original lenders to bundle the beneficial interest in individual loans and sell them to investors as mortgage-backed securities, which may themselves be traded. MERS was designed to avoid the need to record multiple transfers of the deed by serving as the nominal record holder of the deed on behalf of the original lender and any subsequent lender.

"At the origination of the loan, MERS is designated in the deed of trust as a nominee for the lender and the lender's 'successors and assigns,' and as the deed's 'beneficiary' which holds legal

>title to the security interest conveyed. If the lender sells or assigns the beneficial interest in the loan to another MERS member, the change is recorded only in the MERS database, not in county records, because MERS continues to hold the deed on the new lender's behalf.  If the beneficial interest in the loan is sold to a non-MERS member, the transfer of the deed from MERS to the new lender is recorded in county records and the loan is no longer tracked in the MERS system."

<u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1038-39 (9th Cir. 2011) (internal citations omitted).

In her role as probate judge of Barbour County, Robertson is responsible for compiling and maintaining an accurate index of grantors and grantees of interests in real estate.  Robertson also collects fees for the assignment and recording of mortgages.

Robertson alleges that the MERS system illegally circumvents Alabama's recording statutes for interests in real estate.  Robertson seeks an accurate accounting and index of all transfers in real estate involving the MERS system for the past ten years, an injunction ordering the

defendants to comply with Alabama's recording statutes, and reimbursement for any fees that should have been paid.

## III. DISCUSSION

The defendants posit two theories of potential liability that they believe push the amount-in-controversy above the $ 75,000 threshold. They are uncertain which theory Robertson intends to pursue in this litigation, but base these theories on a reading of the complaint. As the defendants have the burden of establishing this court's jurisdiction, the court focuses on these two theories to ascertain whether removal jurisdiction is proper.

First, the defendants put forward a Note Transfer Theory: any sale or transfer of notes constitutes an assignment of mortgages that must be recorded under Alabama law. According to the defendants, approximately 3,475 mortgages naming MERS as mortgagee of record were

recorded in Barbour County for the past ten years, the relevant time period in Robertson's complaint. The defendants argue that these mortgages were transferred at least 2,693 times. The Barbour County Probate Court charges a $ 16.50 fee to record the first page of an assignment and $ 2.50 for each additional page. Assuming that each assignment is one page, the defendants would owe $ 44,434.50 in recording fees for the past ten years.

Acknowledging that this figure falls short of the jurisdictional threshold, the defendants extrapolate the cost of recording fees ten years into the future. They presume that the number of note transfers would be the same, thereby reaching an amount-in-controversy of $ 88,869.

This methodology, however, ignores that the past ten years witnessed an unprecedented housing boom followed by the worst recession since the 1930s. It is simply unrealistic to assume that the number of note transfers in the next ten years would mirror the past decade. The

defendants have put forward no evidence to back up their assumption about a constant rate of note transfers over the next ten years.  This court cannot speculate as to future-note-transfer rates.  <u>Lowery</u>, 483 F.3d at 1215 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.").  Because the Note Transfer Theory cannot surmount the amount-in-controversy requirement without resort to hypothetical future costs, the defendants have failed to meet their burden.

The defendants' alternative theory of liability is the False Mortgage Theory: the listing of MERS as the mortgagee of record is a false designation and concealment.  Under this theory, MERS would have to re-record approximately 3,475 mortgages in Barbour County to update the mortgagee of record.  According to the defendants, a standard mortgage is 15 pages long and the Barbour County Probate Court charges $ 16.50 for the

first page and $ 2.50 for each additional page. The total cost to re-record these mortgages would be approximately $ 178,962.50.

While this figure is above the amount-in-controversy threshold, Robertson expressly disavows any reliance on the False Mortgage Theory. Rather, Robertson claims that the "mortgage, as recorded, does not conceal the real parties in interest." Robertson's Reply Brief (Doc. No. 18) at 9. Robertson's complaint concerns actions taken <u>after</u> the mortgage is recorded, "when the security interest is bought and sold under cover of the Defendants' operation." <u>Id</u>. Robertson seeks an accounting of the interests in real estate, not an invalidation and re-recording of mortgages. Given Robertson's representations to this court, the defendants would not be liable for $ 178,962.50 under the False Mortgage Theory.

Finally, in their notice of removal, the defendants comment that the costs incurred by them to provide an

9

accurate index would be substantial. They provide no monetary estimate of these costs, however. But even if the defendants were to calculate this figure, "the costs borne by the defendant in complying with the injunction are irrelevant" because "the value of an injunction for amount in controversy purposes must be measured by what the plaintiff stands to gain." Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1268 n.9 (11th Cir. 2000).

To the extent that there is any uncertainty as to the theory of liability in this litigation, "uncertainties are resolved in favor of remand." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The defendants, therefore, have failed to satisfy their burden of establishing the amount in controversy.

\* \* \*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Nancy O. Robertson's motion to

remand (Doc. No. 12) is granted and that, pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Barbour County, Alabama for want of jurisdiction.

It is further ORDERED that all other pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed.

DONE, this the 2nd day of April, 2012.

                             /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**